IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Docket No.

**JAMES K. JUDKINS and
JKJ EQUIPMENT COMPANY, INC. d/b/a CIRCUS CHIMERA,**
            Plaintiffs,

v.

**SCOTT L. EVANS;
TRIMBLE, TATE, NULAN, EVANS & HOLDEN, P.C.;
G. RONALD HEATH and HOOVER, HULL, BAKER & HEATH, L.L.P.,**
            Defendants.

---

### COMPLAINT

---

COMES NOW the Plaintiff, JKJ Equipment Company, Inc. d/b/a Circus Chimera and James K. Judkins, through their undersigned counsel, Bachus and Schanker, LLC, as their complaint against the Defendants states and alleges as follows:

### PARTIES

1.      Plaintiff James K. Judkins is a citizen of the State of Oklahoma and sole shareholder and operator of the corporate plaintiff and the corporate plaintiff's circus business.

2.      At all times relevant to this action, Plaintiff JKJ Equipment Company, Inc. ("JKJ") is a corporation incorporated and with its principal place of business in the State of Oklahoma and does business under the name Circus Chimera.

3.      Defendant Scott L. Evans, Esquire ("Evans") is a licensed attorney engaged in the practice of law in the State of Colorado.

4.      Defendant Trimble, Tate, Nulan, Evans & Holden, P.C. ("Trimble, P.C.") is believed to be a Colorado professional corporation which employs Defendant Scott L. Evans and other attorneys for the purpose of providing legal representation and advice.

5.      Defendant G. Ronald Heath, Esquire ("Heath") is a licensed attorney engaged in the practice of law in the State of Indiana.

6.      Defendant Hoover, Hull, Baker & Heath, LLP ("Hoover, L.L.P.") is believed to be a foreign company, which employs Defendant G. Ronald Heath, Esquire and other attorneys for the purpose of providing legal representation and advice.

## CERTIFICATION

7.      Plaintiff JKJ incorporate herein by reference the allegations set forth with specificity in paragraphs 1-6 of this complaint as if set forth verbatim.

Pursuant to C.R.S. § 13-20-602(3)(a), counsel hereby certifies as follows:

8.      Counsel has consulted with licensed professionals with expertise in the areas of the alleged negligent conduct as set forth in Plaintiff's complaint; and

9.      The professionals who have been consulted have reviewed all known facts relevant to the allegations of the conduct as complained of in Plaintiff's complaint; and

10.     Based upon such facts, the professionals have concluded that the filing of the claims against Scott L. Evans, Esquire, Trimble, Tate, Nulan, Evans & Holden, P.C., G. Ronald Heath, Esquire and Hoover, Hull, Baker, and Heath, L.L.P. do not lack substantial justification within the meaning of C.R.S. § 13-17-102(4); and

11.     The licensed professionals who have reviewed all known facts relevant to the allegations of negligent conduct as contained in Plaintiff's complaint meet the requirements set forth in C.R.S. § 13-64-401.

## JURISDICTION AND VENUE

12.     Plaintiff JKJ incorporate herein by reference the allegations set forth with specificity in paragraphs 1-11 of this complaint as if set forth verbatim.

13.     This Court has jurisdiction over this matter based on the diversity of citizenship exists between the parties as established by 28 U.S.C. §1332.

14.     Without reference to punitive damages, the amount in controversy in compensatory damages for this Plaintiff exceeds the sum of $75,000, exclusive of interest and costs.

15.     Pursuant to 28 U.S.C. §1391, venue in the District of Colorado is proper as a substantial portion of the events and omissions giving rise to these claims occurred within the District and State of Colorado.

## STATEMENT OF THE CASE

16.     Plaintiff JKJ incorporate herein by reference the allegations set forth with specificity in paragraphs 1-15 of this complaint as if set forth verbatim.

17.     Plaintiff JKJ arranges and produces traveling circus shows with performers and employees of the circus traveling from town to town either in their own vehicles or in company vehicles to the next scheduled performance location.

18.     On August 3, 2003, while en route from a circus show in Ogden, Utah to Casper, Wyoming, circus performer Saul Alvarado Chimal ("Chimal") was involved in a serious motor vehicle collision when his vehicle collided with a vehicle operated by Colorado resident Daniel K. Perkins ("Perkins").

19.     As a result of the August 3, 2003 collision, Colorado resident Perkins sustained severe and substantial injuries which required hospitalization, surgeries, and extensive medical care and permanent injury.

20.     Following the August 3, 2003 collision, Perkins hired a Colorado attorney and filed a personal injury lawsuit in the U.S. District Court, District of Colorado, Case No. 03-F-1807 (CBS), styled *Daniel K. Perkins v. JKJ Equipment Company, Inc., a foreign corporation, d/b/a Circus Chimera, and Saul JKJ Alvarado* (hereinafter "the Perkins lawsuit").

21.     When Plaintiff JKJ was served with the Perkins lawsuit, he turned the papers over to its insurance agent, Richard Brooks.

22.     Defendants Evans, and Trimble, P.C. then contacted Plaintiff JKJ claiming to be the attorneys hired to represent and defend the Perkins lawsuit in accordance with Plaintiff JKJ's insurance policy coverage.

23.     Defendant Trimble, P.C. by and through Defendant Evans, voluntarily entered into the attorney-client relationship, and agreed to provide legal advice, representation, and services to Plaintiff JKJ in the Perkins lawsuit.

24.     At all times relevant hereto, Defendants Evans and Trimble, P.C. were engaged in an attorney-client relationship with Plaintiff JKJ.

25.     Upon agreeing to provide legal services to Plaintiff JKJ, Defendants Evans and Trimble, P.C. owed and assumed a duty to provide to Plaintiff JKJ reasonable, competent, proper, careful and skilled legal advice, services and judgment as necessary to properly and appropriately represent the interests of Plaintiff JKJ in the Perkins lawsuit.

26.     Plaintiff JKJ specifically and reasonably relied upon the knowledge, skill, training, education and experience of Defendants Evans and Trimble, P.C. who held themselves out to Plaintiff as insurance defense lawyers.

27.     Defendants Evans and Trimble, P.C. owed an obligation to Plaintiff JKJ to thoroughly investigate and evaluate the legal implications of all facts and circumstances attendant to the defense of Plaintiff JKJ.

28.     Defendants Hoover, L.L.P. entered into the case as legal advisors to the defense of Plaintiff JKJ in the Perkins lawsuit sometime after Defendants Evans and Trimble, P.C. entered into the attorney/client relationship with Plaintiff JKJ,.

29.     Defendant Hoover, L.L.P. by and through Defendant Heath, voluntarily entered into the attorney-client relationship, and agreed to provide legal advice, representation, and services to Plaintiff JKJ in the Perkins lawsuit.

30.     Upon agreeing to provide legal services to Plaintiff JKJ, Defendants Heath and Hoover, L.L.P. owed and assumed a duty to provide to Plaintiff JKJ reasonable, competent, proper, careful and skilled legal advice, services and judgment as necessary to properly and appropriately represent the interests of Plaintiff JKJ in the Perkins lawsuit.

31.     Plaintiff JKJ specifically and reasonably relied upon the knowledge, skill, training, education and experience of Defendants Heath and Hoover, L.L.P. who held themselves out to Plaintiff as a tort and insurance defense lawyers.

32.     Defendants Heath and Hoover, L.L.P. owed an obligation to Plaintiff JKJ to thoroughly investigate and evaluate the legal implications of all facts and circumstances attendant to the defense of Plaintiff JKJ.

33.    During the course of the representation of Plaintiff Plaintiff JKJ, Defendants Ronald Heath and Hoover, Hall, Baker and Heath became engaged in an attorney-client relationship with Plaintiff.  Defendant Heath by and through Hoover, Hall, Baker and Heath, LLP entered into the attorney-client relationship, and agreed to provide legal advice, representation, and services to Plaintiff and in fact participated in the representation of Plaintiff's interest in the Perkins lawsuit.

34.    Defendants had an obligation and duty owed to plaintiff to confirm the existence of and the applicability of all potential liability insurance policies available to pay for the defense and/or indemnification of their client JKJ.

35.    The Defendants had a duty to advise Plaintiff JKJ of their confirmation of all applicable liability insurance policies in place at the time of loss, and in doing so had a duty to disclose to Chimal any reasonable concerns regarding the existence of such liability insurance.

36.    The Defendants failed to present to Plaintiff JKJ any concern about the existence and/or applicability of liability insurance, despite clear and obvious reason to question the existence of liability insurance coverage, as insurance defense lawyers.

37.    The Defendants owed to Plaintiff JKJ a duty and obligation to engage in direct communications with the insurance company alleged to be responsible for the indemnification and defense of Plaintiff JKJ.  Such direct communication should have been in writing and should have been ongoing throughout the representation, given the catastrophic nature and extent of the claims being asserted against Plaintiff JKJ in the Perkins lawsuit.

38.    The Defendants had a duty and obligation owed to Plaintiff JKJ to keep him informed and up to date regarding communications with the alleged liability insurer for Plaintiff

JKJ, and to advise him regarding the nature of all limitations, if any, surrounding their communications with the potential insurer.

39.    The Defendants owed a duty to Plaintiff JKJ to make direct communication with the alleged liability insurer, and should never have relied solely upon the representations of any one person alleging to be an insurance broker regarding the existence of coverage.

40.    The Defendants Sledge and W&S negligently filed two sets of 26(a)(1) disclosures in the Federal Court in the Perkins lawsuit and made repeated negligent representations to Plaintiff and others regarding the status of liability insurance without ever actually confirming the existence of liability insurance for Plaintiff JKJ.

41.    In determining what insurance coverage existed for Plaintiff JKJ, Defendants relied solely on representations made by the insurance agent, Richard Brooks.

42.    In April and May of 2005, as a direct result of the negligent representation provided by Defendants, and thereafter at the specific advice and urging of the Defendant attorneys, Plaintiff JKJ entered into a settlement of the Perkins lawsuit with Plaintiff Perkins in the amount of $1,460,000.00.

43.    Prior to and at the time the settlement of the Perkins lawsuit was commenced, Defendants Evans, Defendant Trimble, P.C., Defendant Heath and Defendant Hoover, L.L.P. advised and represented to Plaintiff JKJ that it carried sufficient insurance coverage in force to resolve the Perkins lawsuit.

44.    Prior to and at the time the settlement of the Perkins lawsuit was settled, Defendants Evans, Trimble, P.C., Heath, and Hoover, L.L.P. represented to Plaintiff JKJ that the settlement amount was within the applicable insurance policy coverage, covered under the policy and to be paid by the insurance carrier.

7

45.     On or about May 4, 2005, at the advice and urging of Defendants Evans, Trimble, P.C., Heath, and Hoover, L.L.P., Plaintiff JKJ agreed to and personally signed for a settlement of the Perkins lawsuit claims in the amount of $1,460,000.00.

46.     Plaintiff JKJ reasonably relied on the aforementioned representations in signing and endorsing the Perkins lawsuit settlement agreement.

47.     On or about July 22, 2005, Defendants Evans and Trimble, P.C. made their first attempt to directly contact the insurance carrier via a letter demanding payment in accordance with the Perkins lawsuit settlement agreement.

48.     On or about August 8, 2005, Defendants Evans and Trimble, P.C. were notified by the insurance carrier that no insurance coverage ever existed for Plaintiff JKJ, that the Perkins lawsuit claims were not covered by any insurance policy, that the carrier had never been notified of the Perkins lawsuit, and that Richard Brooks had no authority to write policies for, be an agent for, be a representative of, or adjust any claims for the insurance company.

49.     Prior to advising Plaintiff on a course of action in the Perkins lawsuit, Defendants Evans, Trimble, P.C., Heath, and Hoover, L.L.P. had an obligation and duty to Plaintiff JKJ to confirm the existence of and the applicability of all potential liability insurance policies available to pay for the defense and/or indemnification of Plaintiff JKJ.

50.     Prior to advising Plaintiff on a course of action in the Perkins lawsuit, Defendants Evans, Trimble, P.C., Heath, and Hoover, L.L.P. failed to confirm the existence of and the applicability of all potential liability insurance policies available to pay for the defense and/or indemnification of Plaintiff JKJ.

51.     Prior to settlement of the Perkins lawsuit, Defendants Evans, Trimble, P.C., Heath, and Hoover, L.L.P. had an obligation and duty to Plaintiff JKJ to notify the insurance carrier of the Perkins lawsuit.

52.     Prior to settlement of the Perkins lawsuit, Defendants Evans, Trimble, P.C., Heath, and Hoover, L.L.P. failed to notify the insurance carrier of the Perkins lawsuit.

53.     Prior to the signing of the Perkins lawsuit settlement agreement, Defendants Evans, Trimble, P.C., Heath, and Hoover, L.L.P. had a duty to notify and advise Plaintiff JKJ regarding any reasonable concerns regarding the existence of such liability insurance.

54.     Prior to the signing of the Perkins lawsuit settlement agreement, Defendants Evans, Trimble, P.C., Heath, and Hoover, L.L.P. failed to notify or advise Plaintiff JKJ regarding any concerns about the existence and/or applicability of liability insurance.

55.     On or about May 4, 2005, as a direct and proximate result of the reckless and negligent actions and/or inactions of Defendants Evans, Trimble, P.C., Heath, and Hoover, L.L.P., Plaintiff JKJ signed the settlement agreement in the Perkins lawsuit and became personally liable to the plaintiff in the Perkins lawsuit in the amount of $1,460,000.00.

56.     Upon information and belief, following the $1,460,000.00 settlement of the Perkins lawsuit, and after learning no insurance coverage existed to protect Plaintiff JKJ, Defendants failed to disclose their own conduct and, instead, looked to self-preservation and advised Plaintiff to avoid personal liability by filing bankruptcy.

57.     As a direct and proximate result of the reckless and negligent actions and/or inactions of Defendants Evans, Trimble, P.C., Heath, and Hoover, L.L.P., Plaintiff JKJ has suffered severe economic damages and/or losses including but not limited to attorneys' fees and costs.

58.     At all times relevant hereto, Plaintiff JKJ was not comparatively negligent in causing its own damages.

## FIRST CLAIM FOR RELIEF

### (Negligence of Defendants Scott L. Evans and Trimble, Tate, Nulan, Evans & Holden, PC)

59.     Plaintiff JKJ incorporates herein by this reference the allegations set forth with specificity in paragraphs 1-58 of this complaint as if set forth verbatim.

60.     At all times relevant hereto, Defendants Evans and Trimble, P.C. were engaged in an attorney-client relationship with Plaintiff JKJ.

61.     Defendants Evans and Trimble, P.C. agreed to provide legal services to Plaintiff JKJ and owed a duty to Plaintiff to provide competent, proper, careful, and skilled legal advice and legal services, attendant to the representation of Plaintiff JKJ in the Perkins lawsuit and any settlement thereof.

62.     During the course of the attorney-client relationship described above, Defendants Evans and Trimble, P.C. breached the duty owed to Plaintiff JKJ by failing to provide reasonable, competent, proper, careful, and skilled legal services attendant to the representation of Plaintiff JKJ.

63.     Upon agreeing to provide legal services to Plaintiff JKJ, Defendants Evans and Trimble, P.C. owed a duty to provide Plaintiff JKJ meaningful legal advice in regards to the existence of liability insurance available for the defense and indemnification of the claims being asserted against Plaintiff JKJ in the underlying Perkins lawsuit.

64.     Defendants Evans and Trimble, P.C. breached their duty to provide Plaintiff JKJ meaningful legal advice in regards to the existence of and availability of liability insurance for the defense and indemnification of the claims being asserted against Plaintiff JKJ in the

underlying Perkins lawsuit by failing to reasonably investigate the existence of insurance and/or by failing to advise Plaintiff JKJ of important concerns that Defendants Evans and Trimble, P.C. either knew or should have known existed regarding the availability of liability insurance.

65.     Defendants Evans and Trimble, P.C. breached their duty to provide Plaintiff JKJ with meaningful legal advice by failing to properly advise Plaintiff of the reasonable ramifications of entering into the settlement of the Perkins lawsuit.

66.     In addition, the Defendants Evans and Trimble, P.C. breached their duty to Plaintiff JKJ by failing to provide meaningful legal advice to him when advising Plaintiff JKJ to enter into a settlement agreement for an amount well beyond the potential liability insurance limits of which they claimed to be aware.

67.     Upon agreeing to provide legal services to Plaintiff JKJ, Defendants Evans and Trimble, P.C. had a duty to use their skill, knowledge, training and experience to carefully consider the factual and legal circumstances existing and pertinent to the Perkins lawsuit.

68.     Defendants Evans and Trimble, P.C. breached their duty to consider their legal alternatives in the afore-mentioned matter and the legal ramifications of each alternative by failing to advise Plaintiff JKJ appropriately regarding the status of their communications with the alleged liability insurer, and by failing to provide full disclosure of information to Mr. Saul Alvarado JKJ regarding the fact that no direct authority had been obtained from the liability insurer to enter into the proposed settlement of the Perkins lawsuit.

69.     Upon agreeing to provide legal services to Plaintiff JKJ, Defendants Evans and Trimble, P.C. had a duty to properly analyze and investigate the factual and legal circumstances of the afore-mentioned matter including the availability of liability insurance to protect Plaintiff

JKJ against any personal liability and to use available methods and procedures to meet the standards of competent practitioners in performing the above duties.

70.     Defendant Evans and Trimble, P.C. breached their duty to properly analyze and investigate the factual and legal basis and failed to use available methods and procedures to meet the standards of competent practitioners by failing to reasonably investigate the existence of liability insurance given the significant value of the claims being asserted against Plaintiff JKJ in the underlying Perkins lawsuit.

71.     Upon agreeing to provide legal services to Plaintiff JKJ, Defendants Evans and Trimble, P.C. had a duty to use proper care to safeguard the interests of Plaintiff JKJ.

72.     Defendants Evans and Trimble, P.C. breached their duty to use proper care to safeguard the interests of Plaintiff JKJ for failing to inform Plaintiff JKJ of their own failure to reasonably investigate the existence and applicability of liability insurance and without such disclosure advising Plaintiff JKJ to enter into a settlement agreement of the underlying Perkins lawsuit in an amount equaling $1,460,000.00, thereby creating personal liability for such settlement upon Plaintiff JKJ.

73.     Upon agreeing to provide legal services to Plaintiff JKJ, Defendants Evans and Trimble, P.C. owed a duty to Plaintiff to act with reasonable diligence, veracity and promptness in their communications and in representing the Plaintiff JKJ.

74.     Defendants Evans and Trimble, P.C. breached their duty to act with reasonable diligence, veracity and promptness in representing Plaintiff JKJ, by failing to comply with their obligations to investigate the existence and availability of liability insurance and by failing to inform Plaintiff JKJ of their failure to run to ground the issue of available insurance in a timely manner and of their failure to confirm the existence of liability insurance directly from the

insurance carrier before advising Plaintiff JKJ to enter into a settlement agreement creating personal liability in the amount of $1,460,000.00.

75.    The afore-mentioned breaches of duty owed by Defendants Evans and Trimble, P.C. to exercise reasonable care while providing legal services herein above-described directly and proximately caused Plaintiff JKJ to suffer economic damages in the amount of $1,460,000.00 plus loss of accrued interest, loss of use of the monies, attorney's fees, and the costs associated with presenting its claim.

## SECOND CLAIM FOR RELIEF
### (Negligence of Defendants G. Ronald Heath and Hoover, Hull, Baker and Heath, LLP)

76.    Plaintiff JKJ incorporates herein by this reference the allegations set forth with specificity in paragraphs 1-75 of this complaint as if set forth verbatim.

77.    Defendants Heath and Hoover L.L.P. were engaged in an attorney-client relationship with Plaintiff JKJ.

78.    Defendants Heath and Hoover L.L.P. agreed to provide legal services to Plaintiff JKJ and had a duty to provide competent, proper, careful, and skilled legal advice and legal services, attendant to the representation of Plaintiff JKJ in the Perkins lawsuit and any settlement thereof.

79.    During the course of the attorney-client relationship described above, Defendants Heath and Hoover L.L.P. breached the duty owed to Plaintiff JKJ by failing to provide reasonable, competent, proper, careful, and skilled legal services attendant to the representation of Plaintiff JKJ.

80.    Upon agreeing to provide legal services to Plaintiff JKJ, Defendants Heath and Hoover L.L.P. had duty to provide Plaintiff JKJ meaningful legal advice in regards to the

existence of liability insurance available for the defense and indemnification of the claims being asserted against Plaintiff JKJ in the underlying Perkins lawsuit.

81.     Defendants Heath and Hoover L.L.P. breached their duty to provide Plaintiff JKJ meaningful legal advice in regards to the existence of and availability of liability insurance for the defense and indemnification of the claims being asserted against Plaintiff JKJ in the underlying Perkins lawsuit by failing to reasonably investigate the existence of insurance and/or by failing to advise Plaintiff JKJ of important concerns that Defendants Heath and Hoover L.L.P. either knew or should have known existed regarding the availability of liability insurance.

82.     Defendants Heath and Hoover L.L.P. breached their duty to provide Plaintiff JKJ with meaningful legal advice by failing to properly advise Plaintiff of the reasonable ramifications of entering into the settlement of the Perkins lawsuit.  In addition, the Defendants Heath and Hoover L.L.P. breached their duty to Plaintiff JKJ by failing to provide meaningful legal advice to him when advising Plaintiff JKJ to enter into a settlement agreement for an amount well beyond the potential liability insurance limits of which they claimed to be aware.

83.     Upon agreeing to provide legal services to Plaintiff JKJ, Defendants Heath and Hoover L.L.P. had a duty to use their skill, knowledge, training and experience to carefully consider the factual and legal circumstances existing and pertinent to the Perkins lawsuit.

84.     Defendants Heath and Hoover L.L.P. breached their duty to consider their legal alternatives in the afore-mentioned matter and the legal ramifications of each alternative by failing to advise Plaintiff JKJ appropriately regarding the status of their communications with the alleged liability insurer, and by failing to provide full disclosure of information to Plaintiff JKJ regarding the fact that no direct authority had been obtained from the liability insurer to enter into the proposed settlement of the Perkins lawsuit.

14

85.     Upon agreeing to provide legal services to Plaintiff JKJ, Defendants Heath and Hoover L.L.P. had a duty to properly analyze and investigate the factual and legal circumstances of the afore-mentioned matter including the availability of liability insurance to protect Plaintiff JKJ against any personal liability and to use available methods and procedures to meet the standards of competent practitioners in performing the above duties.

86.     Defendant Heath and Hoover L.L.P. breached their duty to properly analyze and investigate the factual and legal basis and failed to use available methods and procedures to meet the standards of competent practitioners by failing to reasonably investigate the existence of liability insurance given the significant value of the claims being asserted against Plaintiff JKJ in the underlying Perkins lawsuit.

87.     Upon agreeing to provide legal services to Plaintiff JKJ, Defendants Heath and Hoover L.L.P. had a duty to use proper care to safeguard the interests of Plaintiff JKJ.

88.     Defendants Heath and Hoover L.L.P. breached their duty to use proper care to safeguard the interests of Plaintiff JKJ for failing to inform Plaintiff JKJ of their own failure to reasonably investigate the existence and applicability of liability insurance and without such disclosure advising Plaintiff JKJ to enter into a settlement agreement of the underlying Perkins lawsuit in an amount equaling $1,460,000.00, thereby creating personal liability for such settlement upon Saul Alvarado JKJ.

89.     Upon agreeing to provide legal services to Plaintiff JKJ, Defendants Heath and Hoover L.L.P. owed a duty to Plaintiff to act with reasonable diligence, veracity and promptness in their communications and in representing the Plaintiff JKJ.

90.     Defendants Heath and Hoover L.L.P. breached their duty to act with reasonable diligence, veracity and promptness in representing Plaintiff JKJ, by failing to comply with their

obligations to investigate the existence and availability of liability insurance and by failing to inform Plaintiff JKJ of their failure to run to ground the issue of available insurance in a timely manner and of their failure to confirm the existence of liability insurance directly from the insurance carrier before advising Plaintiff JKJ to enter into a settlement agreement creating personal liability in the amount of $1,460,000.00.

91.     The afore-mentioned breaches of duty owed by Defendants Heath and Hoover L.L.P. to exercise reasonable care while providing legal services herein above-described directly and proximately caused Plaintiff JKJ to suffer economic damages in the amount of $1,460,000.00 plus loss of accrued interest, loss of use of the monies, attorney's fees, and the costs associated with presenting its claim.

### THIRD CLAIM FOR RELIEF
### (Breach of Fiduciary Relationship of Defendants Scott L. Evans and Trimble, Tate, Nulan, Evans & Holden, P.C.)

92.     Plaintiff JKJ incorporates herein by this reference the allegations set forth with specificity in paragraphs 1-91 of this complaint as if set forth verbatim.

93.     The attorney-client relationship between Plaintiff JKJ and the Defendants individually and jointly included a fiduciary relationship attendant to the representation.

94.     As fiduciaries, the Defendants owed to Plaintiff a particular standard of conduct, including a two-fold legal duty of undivided loyalty and confidentiality.

95.     Defendants Scott L. Evans, Esquire and Trimble, P.C. breached the duty of conduct owed to Plaintiff JKJ by its failure to ensure Plaintiff JKJ had adequate resources to pay in settlement.

96.     Defendants Evans and Trimble, P.C. further breached the standard of conduct by acting in self interest and self dealing when, upon learning Plaintiff JKJ did not have adequate

16

resources, intentionally counseled Plaintiff JKJ to file bankruptcy which would adversely affect Plaintiff JKJ's known or reasonably known interests.

97.     Through its actions, Defendant Evans and Trimble, P.C. were disloyal to Plaintiff JKJ and failed to act in the required fiduciary capacity.

98.     Defendant Evans and Trimble, P.C.'s actions caused damage to Plaintiff JKJ in that these actions left Plaintiff JKJ personally liable for a settlement that Defendant Evans and Trimble, P.C. knew Plaintiff JKJ could not pay.

99.     Plaintiff JKJ's damages are a direct and proximate result of Defendant Evans and Trimble, P.C. breach of fiduciary duty.

**FOURTH CLAIM FOR RELIEF**
**Breach of Fiduciary Relationship of Defendants G. Ronald Heath and Hoover, Hull, Baker and Heath, LLP**

100.     Plaintiff JKJ incorporates herein by this reference the allegations set forth with specificity in paragraphs 1-99 of this complaint as if set forth verbatim.

101.     The attorney-client relationship between Plaintiff JKJ and the Defendants individually and jointly included a fiduciary relationship attendant to the representation.

102.     As fiduciaries, the Defendants owed to Plaintiff a particular standard of conduct, including a two-fold legal duty of undivided loyalty and confidentiality.

103.     Defendants breached the duty of conduct owed to Plaintiff JKJ by its failure to ensure Plaintiff JKJ had adequate resources to pay in settlement.

104.     Defendants further breached the standard of conduct by acting in self interest and self dealing when, upon learning Plaintiff JKJ did not have adequate resources, intentionally

counseled Plaintiff JKJ to file bankruptcy which would adversely affect Plaintiff JKJ's known or reasonably known interests.

105.    Through its actions, Defendants were disloyal to Plaintiff JKJ and failed to act in the required fiduciary capacity.

106.    Defendants actions caused damage to Plaintiff JKJ in that these actions left Plaintiff JKJ personally liable for a settlement that Defendant Evans and Trimble, P.C. knew Plaintiff JKJ could not pay.

107.    Plaintiff JKJ's damages are a direct and proximate result of Defendant Evans and Trimble, P.C. breach of fiduciary duty.

### FIFTH CLAIM FOR RELIEF

### (Breach of Contract by Defendants Scott L. Evans and Trimble, Tate, Nulan, Evans & Holden, P.C.)

108.    Plaintiff JKJ incorporates herein by this reference the allegations set forth with specificity in paragraphs 1-107 of this complaint as if set forth verbatim.

109.    Plaintiff JKJ and Defendants entered into a contract for legal representation of Plaintiff JKJ and Defendants provided legal service to Plaintiff JKJ.

110.    Upon information and belief, within the contract entered into for the legal representation of Plaintiff JKJ, Defendants agreed to provide Plaintiff JKJ reasonable, competent, proper, careful and skilled legal advice, services and judgment in the Perkins lawsuit.

111.    Upon information and belief, the contract entered into for legal representation contained specific terms relating to the duties the Defendants were to perform on Plaintiff JKJ's behalf.

112.     Upon information and belief, the specific terms relate directly to ensuring Plaintiff JKJ would have adequate funds to pay in settlement and that Defendants would take whatever steps necessary to ensure its client was not prejudiced or harmed by any potential settlement and/or judgment.

113.     Upon information and belief, by failing to abide by the specific contractual terms, Plaintiff JKJ, Defendants breached the contract for legal services in which they entered into for the representation of Plaintiff JKJ.

114.     As a direct and proximate result of the breach by Defendants, Plaintiff JKJ has suffered severe economic damages and/or losses including but not limited to attorneys' fees and costs.

### SIXTH CLAIM FOR RELIEF
### (Breach of Contract by Defendants G. Ronald Heath and Hoover, Hull, Baker and Heath, L.L.P.)

115.     Plaintiff JKJ incorporates herein by this reference the allegations set forth with specificity in paragraphs 1-114 of this complaint as if set forth verbatim.

116.     Plaintiff JKJ and Defendants entered into a contract for legal representation of Plaintiff JKJ and Defendants provided legal service to Plaintiff JKJ.

117.     Upon information and belief, within the contract entered into for the legal representation of Plaintiff, JKJ, Defendants agreed to provide Plaintiff JKJ to provide reasonable, competent, proper, careful and skilled legal advice, services and judgment in the Perkins lawsuit.

118.     Upon information and belief, the contract entered into for legal representation contained specific terms relating to the duties the Defendants were to perform on Plaintiff JKJ's behalf.

19

119.   Upon information and belief, the specific terms relate directly to ensuring Plaintiff JKJ would have adequate funds to pay in settlement and that Defendants would take whatever steps necessary to ensure its client was not prejudiced or harmed by any potential settlement and/or judgment.

120.   Upon information and belief, by failing to abide by the specific contractual terms, Plaintiff JKJ, Defendants breached the contract for legal services in which they entered into for the representation of Plaintiff JKJ..

121.   As a direct and proximate result of the breach by Defendants, Plaintiff JKJ has suffered severe economic damages and/or losses including but not limited to attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff JKJ pray for judgment against DEFENDANTS as follows:

1.   For special damages according to proof;

2.   For general damages according to proof;

3.   Pre-judgment interest;

4.   Post-judgment interest;

5.   For costs of suit incurred herein; and

6.   Such further legal and equitable relief as this court may deem proper.

## PLAINTIFF'S DEMAND FOR A JURY TRIAL

Plaintiffs James K. Judkins and JKJ Equipment Company, Inc. d/b/a Circus Chimera assert their rights under the Seventh Amendment to the U.S. Constitution and demand, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

20

Respectfully submitted,

BACHUS & SCHANKER, LLC


/s/ J. Kyle Bachus                       .
J. Kyle Bachus
Colorado Bar No. 24441
1400 16th Street, Suite 450
Denver, CO  80202
Telephone: (303) 893-9800
Facsimile:  (409) 893-9900
*Attorney for the Plaintiff*