IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No.  06-cv-02394-WYD-MEH
(consolidated with Civil Action No. 07-cv-00438 for pretrial discovery only)

SAUL ALVARADO CHIMAL,
JAMES K. JUDKINS, and
JKJ EQUIPMENT CO., INC. d/b/a CIRCUS CHIMERA;

    Plaintiffs,

v.

FRANK D. SLEDGE, ESQ.,
WHITE AND STEELE, P.C.,
G. RONALD HEATH,
HOOVER, HULL, BAKER AND HEATH, LLP,
SCOTT L. EVANS, and
TRIMBLE, TATE, NULAN, EVANS & HOLDEN, P.C.;

    Defendants.

**ORDER**

THIS MATTER is before the Court on the Motion to Consolidate filed by Defendants White and Steele P.C. ("White and Steele") on April 30, 2007 (docket #43), in which White and Steele move to consolidate this civil action (the "Chimal case"), with *Judkins et al. v. Evans et al.*, Civil Action No. 07-cv-00438-PSF-MJW (the "Judkins case"), pursuant to Fed. R. Civ. P. 42 and D.C.Colo.LCivR 42.1.  Because the instant case is the lower numbered case, I will rule on the proposed consolidation.  *See* D.C.Colo.LCivR 42.1.

Plaintiffs in both the Chimal case and the Judkins case have no objection to the

proposed consolidation.  In addition, Defendant Frank D. Sledge stipulates to the proposed consolidation.  Defendant G. Ronald Heath and Defendant Hoover Hull, LLP (f/k/a Hoover Hull Baker & Heath, LLP) (collectively, the "Heath Defendants), who are Defendants in both the Chimal case and the Judkins case, have filed a response in partial opposition to the motion to consolidate.  Defendant Scott L. Evans and Defendant Trimble, Tate, Nulan, Evans & Holden, PC (collectively, the "Evans Defendants"), who are Defendants in the Judkins case, have filed a response in opposition to the motion to consolidate.

By way of background, I note that the Chimal case is a professional negligence action arising out the White and Steele Defendants and the Heath Defendants representation of Plaintiff Chimal in a personal injury lawsuit in the United States District Court for the District of Colorado in a case styled *Daniel K. Perkins v. JKJ Equipment Company, Inc., a foreign corporation, d/b/a Circus Chimera, and Saul JKJ Alvarado* (the "Perkins lawsuit").  Plaintiff Chimal contends that during the course of representing him in the Perkins lawsuit, the White and Steele Defendants and the Heath Defendants counseled him to execute a settlement agreement, while they knew or should have known that he was without assets or income sufficient to pay the amounts agreed to in the settlement, and without first verifying that he had adequate insurance to cover the settlement.  Based on these allegations, Plaintiff Chimal brings claims for negligence and breach of fiduciary relationship.

A review of the Complaint in the Judkins case reveals that it also involves claims for negligence and breach of fiduciary relationship, arising out of the Evans

Defendants' and Heath Defendants' alleged negligent representation of James K. Judkins and JKJ Equipment Co., Inc., in the Perkins lawsuit.  Plaintiffs in the Judkins case allege that the Evans Defendants and the Heath Defendants urged Judkins and JKJ to enter a settlement agreement in the Perkins lawsuit without first confirming the existence of adequate liability insurance.

Rule 42(a) provides that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."  Consolidation is within the discretion of the trial court.  *Gillette Motor Transport v. Northern Oklahoma Butane Co.*, 179 F.2d 711, 712 (10th Cir. 1950).

It appears that the Chimal case and the Jenkins case arise out of similar facts.  Both the Plaintiff in the instant case and the Plaintiffs in the Judkins were defendants in the Perkins lawsuit.  Defendants in the instant case and Defendants in the Judkins case are attorneys who represented Plaintiff Chimal and Plaintiffs Judkins and JKJ in the Perkinks lawsuit. Both cases arise out of alleged misrepresentations that occurred during settlement of the Perkins lawsuit, and both involve claims against the Defendants for negligence and breach of fiduciary relationship.

However, the Evans Defendants object to the proposed consolidation on the grounds that they will be prejudiced if the two cases are consolidated for trial.  The Evans Defendants note that Plaintiffs in the Chimal and Judkins cases, while represented by the same attorney, chose to file two separate actions.  Moreover, the

Evans Defendants did not represented Plaintiff Chimal in the Perkins case. The Evans Defendants assert Plaintiff Chimal's attorney in the Perkins case, Defendant Sledge, is currently encountering various licensure problems and other problems that will negatively impact them if the cases are consolidated for trial. Similarly, the Heath Defendants assert that if the cases are consolidated for trial, they may be prejudiced by juror confusion concerning Plaintiff Chimal's claim that he had an attorney-client relationship with the Heath Defendants. Both the Evans Defendants and the Heath Defendants state that they will agree to consolidated discovery and other common pretrial matters.

Upon review of the Complaint filed in this case and the Complaint filed in the Judkins Case, I find that the two cases involve common questions of law and fact. However, I also find that there is potential for prejudice to the Evans Defendants and the Heath Defendants if these cases are consolidated for trial. Therefore, I conclude that it is appropriate to consolidate these two cases for discovery purposes only. Consolidation of these actions for pretrial discovery will serve the purpose of promoting judicial economy while avoiding the likelihood of confusing the jury and exposing the Evans and Heath Defendants to potential prejudice. Accordingly, it is hereby

ORDERED that the Motion to Consolidate filed by Defendants White and Steele P.C. on April 30, 2007 (docket #43) is **GRANTED IN PART**. It is

FURTHER ORDERED that this case shall be consolidated with *Judkins et al. v. Evans et al.*, Civil Action No. 07-cv-00438-PSF-MJW for pretrial discovery matters ONLY. It is

FURTHER ORDERED that Magistrate Judge Hegarty shall preside over all pretrial discovery matters in this case and in *Judkins et al. v. Evans et al.*, Civil Action No. 07-cv-00438-PSF-MJW.  It is

FURTHER ORDERED that all filings relating to pretrial discovery shall be filed in this case and shall utilize the consolidated case caption that appears in this Order. Filings unrelated to pretrial discovery matters shall be made using the individual case captions and shall be filed in the appropriate case.  It is

FURTHER ORDERED that the clerk of court shall docket this Order in *Judkins et al. v. Evans et al.*, Civil Action No. 07-cv-00438-PSF-MJW.

Dated:  May 31, 2007

BY THE COURT:

s/ Wiley Y. Daniel
Wiley Y. Daniel
U. S. District Judge